Henry Rodriguez (SBN 192811)
Passage Immigration Law
720 NW 9 Avenue, Suite 195
Portland, OR, 97209
  Telephone: (503) 427-8243
  Fax:         (503) 662-1627
  Email: henry@passage.law
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NEBIAT B. TESFAI, a U.S. Citizen,<br><br>15916 NE Sandy Blvd., Apt. 65<br>Portland, OR 97230<br><br>and,<br><br>GEBREHIWET H. GEBRETNSIA,<br><br>Bole Subcity<br>Kebele 03/05 H/N 1116<br>Addis Ababa, Ethiopia<br><br>   Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve:  Executive Office<br>         Office of the Legal Adviser<br>         Suite 5.600<br>         600 19th St. NW<br>         Washington, DC 20522<br><br>U.S. EMBASSY, ADDIS ABABA, ETHIOPIA,<br><br>Serve:  Executive Office<br>         Office of the Legal Adviser<br>         Suite 5.600<br>         600 19th St. NW | Case No. |

Washington, DC 20522

ANTONY BLINKEN, United States Secretary of State,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

TRACY A. JACOBSON, Ambassador of the United States at the U.S. Embassy, Addis Ababa, Ethiopia

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

and;

PHILLIP T. SLATTERY, Director of the National Visa Center,

Serve:  National Visa Center
        32 Rochester Avenue
        Portsmouth, NH 03801

    Defendants.

**COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' REFUGEE VISA APPLICATION**

Plaintiffs Nebiat Berhane Tesfai and Gebrehiwet Habte Gebretnsia respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed refugee relative visa application.

**PARTIES**

1. Plaintiff Nebiat Berhane Tesfai (hereinafter, "Mrs. Tesfai") is a citizen of the United States.

2. Plaintiff Gebrehiwet Habte Gebretnsia (hereinafter, "Mr. Gebretnsia") is a citizen of Eritrea, currently residing in Ethiopia.

3. Defendant Department of State (hereinafter, "DOS") is the agency of the United States that is responsible for communicating with the Department of Homeland Security (hereinafter, "DHS") and managing Defendant Embassy of the United States in Addis Ababa, Ethiopia, and which is responsible for implementing the refugee visa provisions of the law.

4. Defendant Embassy of the United States in Addis Ababa, Ethiopia (hereinafter, "Embassy") is a component of the DOS that is responsible for processing refugee visa applications and implementing immigrant and non-immigrant visa provisions of the law.

5. Defendant Antony Blinken, the U.S. Secretary of State, (hereinafter, "Secretary Blinken") is the highest ranking official within the DOS. He is responsible for the implementation of the Immigration and Nationality Act (hereinafter, "INA") and for ensuring compliance with applicable federal laws, including the Administrative Procedures Act (hereinafter, "APA"). Secretary Blinken is sued in his official capacity as an agent of the government of the United States.

6. Defendant Tracy A. Jacobson (hereinafter, "Ambassador Jacobson") is the Ambassador of the Embassy of the United States in Addis Ababa, Ethiopia. She is being sued in her official capacity as an agent of the government of the United States.

7. Defendant Phillip T. Slattery (hereinafter, "Director Slattery") is the Director of the National Visa Center (hereinafter, "NVC"), an agency within the DOS. He is responsible for the

1    administration and scheduling of refugee relative visa petitions for the United States and its
2    consulate abroad. Director Slattery's jurisdiction is nationwide and includes Mrs. Tesfai's
3    residence. He is being sued in his official capacity as an agent of the government of the United
4    States.

**JURISDICTION AND VENUE**

6   8.   This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

10   9.   Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

14   10.   This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Mr. Gebretnsia's visa application.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19   11.   Plaintiff Mrs. Tesfai was a refugee and is now a naturalized citizen of the United States, the wife of Plaintiff Mr. Gebretnsia and is the refugee relative visa petitioner for Mr. Gebretnsia's I-730 refugee visa application.

22   12.   Under federal immigration law, U.S. Citizenship and Immigration Services (hereinafter, "USCIS") is authorized to approve a refugee relative visa petition filed by a person

1  with refugee status and to issue a 'follow-to-join' refugee visa to allow the alien relative to enter
2  the U.S. and be reunified with their family member in the U.S.

3  13.   Mr. Gebretnsia is a citizen of Eritrea, a country with significant Muslim
4  population, currently residing as a refugee in Addis Ababa, Ethiopia.

5  14.   Mrs. Tesfai filed a refugee relative visa petition for Mr. Gebretnsia with the USCIS
6  on or about April 17, 2017.

7  15.   Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees.

8  16.   USCIS approved Plaintiffs' I-730 refugee relative visa petition on December 12,
9  2019.  *See* Ex. A (Bates No. 1).

10  17.   The case was then sent to the NVC, a part of the U.S. Department of State, for visa
11  processing.  The NVC assigned Case Number ADD2019854036 to Mr. Gebretnsia's case.  Upon
12  information and belief, the NVC completed its processing of the cases and sent it to the U.S.
13  Embassy in Addis Ababa for an interview.

14  18.   The DOS conducted Mr. Gebretnsia's visa interview on or about March 12, 2020.
15  On this date, the consular officer issued a notice to Plaintiffs stating that the DOS required more
16  time to complete review of Mr. Gebretnsia's application and told him that the case would undergo
17  administrative processing.  *See* Exs. B, E (Bates Nos. 2-3, 8).  Since that time, the agency has
18  refused to issue a decision on this case.

19  19.   Mrs. Tesfai and Mr. Gebretnsia have made repeated attempts to obtain a decision
20  in this matter without involving this honorable Court.  Plaintiffs have contacted the consulate
21  seeking guidance.  *See* Ex. E (Bates No. 8).  Furthermore, Plaintiffs have sought the assistance of
22  the offices of Senator Ron Wyden, Senator Jeff Merkley and Congressman Earl Blumenhauer.  *See*
23  Exs. C, D, E (Bates Nos. 4-8).  These efforts have led nowhere.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

20. Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1-19, as though fully set out herein.

21. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 555(b) creates a non-discretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). A violation of this duty is a sufficient basis for mandamus relief.

22. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

23. The Defendants have refused to adjudicate Mr. Gebretnsia's application and to issue the requested refugee visa.

24. The DOS regularly works with the Department of Homeland Security (hereinafter, "DHS") when carrying out background and security investigations that are delayed by administrative processing.

25. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of applicants such as Mr. Gebretnsia due to security concerns.

26. On information and belief, Plaintiff alleges that the Defendants are intentionally delaying a response to the DOS in regard to Mr. Gebretnsia's visa applications pursuant to the CARRP program. Plaintiff alleges that this delay is due to him being from a substantially Muslim

country.

27. Upon information and belief, Plaintiffs allege that the USCIS and the DOS are and have been complicit in the delay in processing Mr. Gebretnsia's visa application.

28. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

29. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding individuals, like Mr. Gebretnsia — who does not pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

30. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2015, more than 41,800 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

31. Plaintiffs allege that Mr. Gebretnsia's application has been in administrative processing beyond a reasonable time period for completing administrative processing of his visa application.

32. The combined delay and failure to act on Mr. Gebretnsia's immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

33. There are no alternative, adequate or reasonable forms of relief available to Plaintiffs.

34. Plaintiffs have exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case and contacting members of Congress.

**SECOND CLAIM FOR RELIEF**
**(Violation of Right to Due Process of Law)**

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

35. Plaintiffs reallege and incorporate by reference the foregoing paragraphs 1-34, as though fully set out herein.

36. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

37. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

38. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing prolonged family separation, among other ways.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Nebiat B. Tesfai and Gebrehiwet H. Gebretnsia request the

following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiffs' immigration benefit application;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty (60) days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate Mr. Gebretnsia's refugee relative visa pursuant to this Court's declaratory judgment authority;

7. That this Honorable Court issue a writ of mandamus compelling Defendants to issue a refugee visa to Mr. Gebretnsia;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action that may be taken to accelerate processing of the visa application;

9. Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**Date:** December 9, 2022                                              **Respectfully Submitted,**

*(signature)*

Henry Rodriguez
Bar No# 192811

Passage Immigration Law
720 NW 9th Avenue
Suite 195
Portland, OR, 97209
503-427-8243
henry@passage.law

**ATTORNEY FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

*I hereby certify* that a true and correct copy of the foregoing will be served in person by an authorized process server on all counsel or parties of record on the Service List below within the time limits allowed by the Federal Rules of Civil Procedure.

By: /s/ Henry Rodriguez
Henry Rodriguez
Oregon Bar No. 192811
Attorney for Plaintiffs

SERVICE LIST

United States Department of State
Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

U.S. EMBASSY, ADDIS ABABA, ETHIOPIA
Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

TRACY A. JACOBSON, Ambassador of the United States at the U.S. Embassy,
 Addis Ababa, Ethiopia
Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522

PHILLIP T. SLATTERY, Director of the National Visa Center
National Visa Center
32 Rochester Avenue
Portsmouth, NH 03801

ANTONY BLINKEN, United States Secretary of State
Executive Office
Office of the Legal Adviser
Suite 5.600
600 19th St. NW
Washington, DC 20522